In the Matter of the Claim of LILLIE SHULTZ, Respondent, against NATION ASSOCIATES, INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which determined that claimant's injuries arose out of and in the course of her employment. While claimant was combing her hair preparatory to going to lunch, she struck her left eye with the comb, causing an injury to the cornea. The board has found that the injury was sustained "while in her office dictating and combing her hair". There is no evidence whatever in the record that claimant was dictating or doing any other work for the employer at the time. Although she was a witness,

she did not so testify. She was performing a purely personal act entirely unrelated to her employment, and the injury was not caused by anything connected with her employment or by reason of her presence on the employer's premises. Where the injury arises from the personal carelessness or negligence of the claimant in the performance of a personal act wholly disassociated from the employment and where the danger or risk involved is in no way connected with the place of employment or claimant's presence there, the injury does not arise out of the employment within the intent and purpose of the Workmen's Compensation Law. (*Matter of Pisko* v. *Mintz*, 262 N. Y. 176; *Matter of Davidson* v. *Pansy Waist Co.*, 240 N. Y. 584.) This case is readily distinguishable from the line of cases where the injury arose from slipping, falling or being struck by a falling object while claimant was temporarily engaged in a personal act on the employer's premises. In those cases the risk and danger arose from the place of employment and the injury was sustained because of the employee's presence there. Such is not the case here. Decision reversed, on the law and claim dismissed, with costs to the appellants against the Workmen's Compensation Board. Foster, P. J., Coon and Imrie, JJ., concur; Bergan and Halpern, JJ., dissent, in the following memorandum: We find it difficult to follow a rule of law which excuses an employee from his own negligence in the course of employment but still denies him a compensation award for an accident resulting from his personal acts while he is in the course of his employment. Also, we do not believe that a logical distinction can be drawn, in a personal comfort case, between an injury sustained by coming in contact with some part of an employer's premises or equipment and an injury sustained without such contact. (See Larson on Workmen's Compensation Law, §§ 21.50–21.64.) We believe that the accident involved in this case was one arising out of and in the course of employment.