In the Matter of the Claim of FRANK PENZARA, Respondent, against MAFFIA BROTHERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued March 3, 1954; decided April 23, 1954.

*S. Chandler Fraser* for appellants. The accident did not " arise out of " the employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Cooley* v. *Heaney Co.*, 249 N. Y. 395;

*Matter of Smith* v. *Parkchester Gen. Hosp.,* 293 N. Y. 824; *Matter of Lovett* v. *Buck,* 285 N. Y. 526; *Matter of Weir* v. *Board of Educ.,* 282 N. Y. 709; *Matter of Clark* v. *Voorhees,* 231 N. Y. 14; *Matter of De Salvio* v. *Menihan Co.,* 225 N. Y. 123; *Matter of Shultz* v. *Nation Associates,* 281 App. Div. 915; *Matter of Industrial Comr.* [*Siguin*] v. *McCarthy,* 295 N. Y. 443; *Matter of Ognibene* v. *Rochester Mfg. Co.,* 298 N. Y. 85; *Matter of Motto* v. *Cosmopolitan Tourist Co.,* 278 App. Div. 597, 302 N. Y. 950; *Matter of Dodge* v. *Wm. J. Keller, Inc.,* 304 N. Y. 792; *Matter of Block* v. *Camp Shows,* 272 App. Div. 980, 297 N. Y. 1032.)

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky, Wendell P. Brown, Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent. The accidental injuries which claimant sustained arose out of his employment. (*Matter of Motto* v. *Cosmopolitan Tourist Co.,* 278 App. Div. 597, 302 N. Y. 950; *Matter of Block* v. *Camp Shows,* 272 App. Div. 980, 297 N. Y. 1032; *Matter of Polski* v. *U. S. O. Camp Shows,* 272 App. Div. 1094; *McCarthy* v. *Remington Rand,* 275 App. Div. 866, 300 N. Y. 715; *Matter of Davis* v. *Newsweek Magazine,* 305 N. Y. 20; *Matter of Gabunas* v. *Pan Amer. Airways,* 279 App. Div. 697; *Matter of de Santis* v. *U. S. O. Camp Shows,* 275 App. Div. 880, 299 N. Y. 798; *Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.,* 304 N. Y. 461; *Matter of Lyons* v. *U. S. O. Camp Shows,* 298 N. Y. 897; *Matter of Scott* v. *U. S. O. Camp Shows,* 298 N. Y. 896; *Matter of Industrial Comr.* [*Siguin*] v. *McCarthy,* 295 N. Y. 443; *Matter of Miles* v. *Gibbs & Hill,* 250 N. Y. 590; *Matter of Lang* v. *Franklin Ry. Supply Co.,* 272 App. Div. 988, 297 N. Y. 1036; *Matter of Franck* v. *Allen,* 270 App. Div. 960; *Matter of Pedersen* v. *Nelson,* 267 App. Div. 843.)

CONWAY, J. The facts in this case are not in dispute: the sole issue is whether the injury arose out of and in the course of claimant's employment.

At the time of the injury claimant was a "handyman" employed in an automobile supply and machine shop. His duties included the repair of brake linings, turning down drums, and other matters concerning automobile parts and their sale

and delivery to customers. His hours of work were from 9:30 A.M. to 5:30 P.M. on Mondays through Fridays, and usually from 9:30 A.M. to 3:30 P.M. on Saturdays. Irrespective, however, of whether or not there was work to do, claimant was required to remain at the shop until the closing time.

When things in the shop were slow, claimant was permitted by the employer to work on his own car using the shop's facilities. This use of the employer's time and tools was permitted *whenever* there was slack time. It was not limited to after-working hours. The employer testified that he not only permitted the use of his tools by the claimant for the latter's personal benefit during non-busy working hours, *but that he also supplied and paid for the parts used by the claimant in such work.* The employer no doubt felt that that improved the employee-employer relationship.

On May 23, 1951, claimant had some slack time at about 5:00 P.M. and was spending it fashioning a spring steel clip for use in the glove compartment of his automobile. The clip slipped out of a vise and struck him in the left eye causing a traumatic cataract and lacerated cornea.

On the oral argument the appellants conceded (1) that the employer *knew* that claimant used slack time to work on personal projects; (2) that the employer *permitted* claimant to use the tools in the machine shop for those purposes; (3) that the employer testified that he *supplied* and *paid* for such parts as claimant used in those slack-time activities; (4) that claimant was required to remain on the premises until quitting time (about one-half hour after the injury), and (5) that the injury took place while claimant, before quitting time (or, as he testified, while he "was waiting for this one job to come in") was using the tool for the purpose permitted.

The referee and the compensation board have found that the injury here arose out of and in the course of claimant's employment. The Appellate Division has affirmed.

In *Matter of Davis* v. *Newsweek Magazine* (305 N. Y. 20) this court made an extensive review of earlier decisions. Referring to cases similar to the present one (e.g., *Matter of Motto* v. *Cosmopolitan Tourist Co.,* 278 App. Div. 597, motion for leave to appeal denied 302 N. Y. 950; *Matter of Block* v. *Camp Shows,*

272 App. Div. 980, motion for leave to appeal denied 297 N. Y. 1032) we said (pp. 27–28) : " Careful examination of these cases reveals that there is one operative factor common to all. In each and every instance the employee had been directed, *as part of his duties,* to remain in a *particular* place or locality until directed otherwise or for a specified length of time. In those circumstances, the rule applied is simply that the employee is not expected to wait immobile, but may indulge in any *reasonable* activity at that place, and if he does so the risk inherent in such activity is an incident of his employment." (Emphasis in original.)

Here, the evidence indicates that the activities of claimant come directly within the meaning and intent of that passage. Further, claimant was *not only* required to remain in the shop even though there was no work to be done, *but he had the permission* of his employer to continue a practice in which the employer aided by furnishing supplies. Apparently claimant was using the same tools when he was injured that he used while doing work for his employer. Any risks he took were the same as those which faced him every day. The injury resulted from such a risk. We cannot say as a matter of law that his injury arose outside of the course of his employment.

The order of the Appellate Division should be affirmed, with costs.

VAN VOORHIS, J. (dissenting). In my view, the injury to claimant's eye did not arise out of and in the course of his employment. The employers are two brothers operating a small automobile supply and machine shop. Claimant was employed as a handyman. On the day in question, while he was bending in a vise a spring clip for the glove compartment of his automobile, the spring slipped injuring his left eye. He was working upon his own automobile, not used in the service of his employers.

Although this accident happened at five o'clock and he was required to remain upon his employers' premises until the shop closed at 5:30 in the afternoon, and he was permitted to work on his own car when there was nothing else for him to do, it seems to me that while he was engaged in promoting a personal object of his own which was unrelated to his employers' busi-

ness, he was not acting in the course of his employment. In numerous decisions it has been held that an injury is not compensable if it occurs while an employee is pursuing some personal object not related to his work (*Matter of Ognibene* v. *Rochester Mfg. Co.*, 298 N. Y. 85; *Matter of Smith* v. *Parkchester Gen. Hosp.*, 293 N. Y. 824; *Matter of Lovett* v. *Buck*, 285 N. Y. 526; *Matter of Weir* v. *Board of Educ.*, 282 N. Y. 709; *Matter of Clark* v. *Voorhees*, 231 N. Y. 14; *Matter of Di Salvio* v. *Menihan Co.*, 225 N. Y. 123; *Matter of Shultz* v. *Nation Associates*, 281 App. Div. 915).

Here the employee was not idling to pass the time because the conditions of his employment required him merely to be present either at the shop or in some distant place (*Matter of Motto* v. *Cosmopolitan Tourist Co.*, 278 App. Div. 597; *Matter of Polski* v. *U. S. O. Camp Shows*, 272 App. Div. 1094). The injury resulted directly from a hazardous operation which claimant undertook on his own account in repairing his own automobile. If the spring flying from the vise had hit someone else in the eye, the employers could not have been held liable to a third person in negligence upon any theory that claimant was then acting in their service (*Fluegel* v. *Coudert*, 244 N. Y. 393). Where an employee in furtherance of some object of his own perpetrates an assault upon a third person, it is held that he has departed from the scope of his employment, although the occurrence happens while he is on his employer's time (*Sauter* v. *New York Tribune*, 305 N. Y. 442).

It seems to me to be immaterial that claimant was using the employers' facilities and that the spring which he was bending had been given to him by the employers.

The situation may be different where an employee becomes the victim of horseplay by fellow employees (*Matter of Industrial Comr.* [*Siguin*] v. *McCarthy*, 295 N. Y. 443). The principle upon which the horseplay cases have been held to be compensable is that an employer, cognizant of the tendency of persons brought together by employment to play pranks upon one another, is responsible for resulting injury done to the victim as a natural incident of the work. Those cases have no application to the present situation where the injury has resulted from a purposeful act of the claimant himself to accomplish

something which is admitted to have been solely for his own advantage. This accident no more arose out of and in the course of his employment than would have been the case if the same incident had happened while he was repairing his automobile in his own back yard (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, 151). The test prescribed by the leading case just cited is that the injury must be received while the workman is doing the duty he was required to perform as a natural incident of the work. The circumstance that his employers were aware of what he was doing without objecting, does not bring the accident within the coverage of the statute.

The cases holding that there is liability for compensation where injury occurs during organized games or other recreational activity planned by the employer as a fringe benefit to employees, bear no analogy to the present situation (*Matter of Tedesco* v. *General Elec. Co.,* 305 N. Y. 544; *Matter of Wilson* v. *General Motors Corp.,* 298 N. Y. 468). The employers did not organize this activity for claimant; he simply chose to work on his own automobile when there was no work to do for them. The mere fact that it occurred while he was on their time does not make it an activity that he was employed to perform or a natural incident of his regular work.

The order appealed from should be reversed and the claim dismissed.

LEWIS, Ch. J., DESMOND, DYE, FULD and FROESSEL, JJ., concur with CONWAY, J.; VAN VOORHIS, J., dissents in opinion.

Order affirmed.