In the Matter of the Claim of JOHN F. CONGDON, Respondent, against HENRY N. KLETT, Doing Business as THE KLETT Co., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued April 21, 1954; decided June 4, 1954.

*Noel S. Symons* for appellants. The accident sustained by claimant did not arise out of or in the course of his employment. (*Davis* v. *Newsweek Magazine,* 305 N. Y. 20; *Matter of Wilson* v. *General Motors Corp.,* 298 N. Y. 468; *Matter of Tedesco* v. *General Elec. Co.,* 305 N. Y. 544; *Matter of Davidson* v. *Pansy Waist Co.,* 240 N. Y. 584; *Matter of Hall* v. *City of New York,* 282 N. Y. 708; *Matter of Pisko* v. *Mintz,* 262 N. Y. 176; *Matter of Bowen* v. *Saratoga Springs Comm.,* 267 App. Div. 928; *Matter of Dunning* v. *Park School of Buffalo,* 279 App. Div. 832; *Matter of Fagan* v. *Albany Evening Union Co.,* 261 App. Div. 861.)

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. Ample evidence supports the determination of the Workmen's Compensation Board that claimant's accidental injuries arose out of and in the course of his employment. (*Matter of Kleid* v. *Carr Bros.,* 300 N. Y. 270; *Matter of Bollard* v. *Engel,* 278 N. Y. 463; *Matter of Brown* v. *United Services for Air,* 298 N. Y. 901; *Matter of Tedesco* v.

*General Elec. Co.*, 305 N. Y. 544; *Matter of Piusinski* v. *Transit Valley Country Club*, 283 N. Y. 674; *Matter of Bowen* v. *Saratoga Springs Comm.*, 267 App. Div. 928; *Matter of Dodge* v. *William J. Keller, Inc.*, 304 N. Y. 792; *Matter of Kenney* v. *Lord & Taylor*, 254 N. Y. 532; *Matter of Graves* v. *Tide Water Oil Sales Co.*, 275 N. Y. 583; *Matter of Hinkley* v. *Kuchler*, 272 App. Div. 986; *Matter of Fagan* v. *Albany Evening Union Co.*, 261 App. Div. 861.)

CONWAY, J. This is an appeal by permission of this court from an order of the Appellate Division, Third Department, which unanimously affirmed an award of the Workmen's Compensation Board in favor of the claimant.

The sole issue is whether claimant's accidental injuries arose out of and in the course of his employment.

The employer, The Klett Co., was engaged in the business of selling and servicing electrical appliances at Delmar, New York. The claimant worked for the employer in the capacity of a radio and television repair and serviceman. The employer's business was conducted and operated by Mr. and Mrs. Henry Klett in a two-story building consisting of a store, workshop and display room on the first floor, and living quarters of Mr. and Mrs. Klett on the second floor. About twenty or thirty feet to the rear of the employer's building, Mr. and Mrs. Klett maintained a private swimming pool where the accident occurred. The pool was fenced off from the public. The only means of access to the pool was through the rear exit of the building and this exit was not used in any way for business purposes. The pool was built by Mr. Klett for his own personal use and pleasure.

Mr. Klett testified that outside of himself and his family the pool was used by invited guests and that he allowed his two employees — claimant and another — the privilege of using it during their lunch hour and during their off hours.

The two employees were employed from 9:00 A.M. to 5:00 P.M. with an hour off for lunch, had no time clock to punch, were paid a straight weekly salary, were not penalized if late for work, and were allowed deviations in the time and length of their lunch hour.

The employer did not take emergency calls after hours and no work was done in the shop after 5:00 p.m. The only time the claimant ever worked after 5:00 p.m. was on one evening after supper when he voluntarily helped the employer paint the shop.

There was no fixed starting time for the lunch hour of the employees as it began when the men returned from being out on calls in the morning.

The employer's testimony was that the employees were permitted to use the swimming pool during their lunch hour and after working hours.

The claimant's testimony as to his use of the pool was that he was permitted to swim after working hours and quite a few times during working hours.

On the afternoon that he was injured claimant had been out on a call and returned about three-thirty or four o'clock. He had already eaten lunch. At that time Mrs. Klett told claimant to watch the store as she was going to take a swim, and in her conversation Mrs. Klett stated, '' When I come out you can go in ''. When she returned from her swim, Mrs. Klett said to claimant, '' You can go in now ''. Claimant did so and while diving sustained accidental injuries in the nature of a compressed fracture of the anterior border of the fifth dorsal vertebra.

The employee's claim for compensation and the employer's report of injury both stated that the accident happened at 5:30 p.m. — which was after working hours. On the hearing claimant likewise testified that he thought the accident took place about 5:30 p.m. but he was unable to state whether he had gone into the pool before or after 5:00 p.m.

The board found that the injuries sustained by claimant were accidental injuries and arose out of and in the course of his employment. The Appellate Division has affirmed.

Larson in his work on the Workmen's Compensation Law (Vol. 1, § 22) has, in concise language, set forth situations wherein injuries, sustained by an employee engaged in recreational or social activities, have been held to be compensable, i.e., having arisen out of and in the course of employment. In the words of Larson, recreational or social activities are within the course of employment when:

" (a) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or

" (b) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or

" (c) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life."

Manifestly, this case does not fall within any of those categories.

(a) The accident occurred on private property adjacent to but not part of the business property after working hours.

(b) The employee was not compelled or required to use the pool but was merely permitted to use it. Swimming was clearly not part of the services of claimant.

(c) The employer certainly derived no substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life.

Considerable emphasis is placed on claimant's testimony that Mr. Klett used to say: " Go in and have a swim before you go out on service " from which claimant argues that the employer urged him to go swimming " so that claimant would be better able to perform the duties required by his employer for the mutual benefit of the employer and employee." However, the accident which is the subject of this claim occurred after the close of working hours. It may be that claimant would be refreshed by the swim for the performance of his duties upon the next day, but as this court said in *Matter of Davis* v. *Newsweek Magazine* (305 N. Y. 20, 25): " If that is to be deemed a sufficient nexus between the employment and the injury, then one may say that in the ordinary effort of living a man continually makes himself ready for his employer's service and thus should be compensated for whatever injury befalls him ".

It must also be noted that in the *Davis* case (*supra*) Judge FROESSEL, writing for the court, made an extensive review of compensation cases where the injury resulted from the employ-

ee's engaging in recreational or social activities and concluded with this significant statement (p. 27): " Careful examination of these cases reveals that there is one operative factor common to all. In each and every instance the employee had been directed, *as part of his duties,* to remain in a *particular* place or locality until directed otherwise or for a specified length of time. In those circumstances, the rule applied is simply that the employee is not expected to wait immobile, but may indulge in any *reasonable* activity at that place, and if he does so the risk inherent in such activity is an incident of his employment." (Emphasis in original.)

The activities of claimant do not come within the meaning or intent of that passage. Claimant's hours of work were from 9:00 A.M. to 5:00 P.M. He was not required to remain in the vicinity of his employer's shop beyond that hour. The injury took place at 5:30 P.M. The employee's presence in the pool at that hour was the result of his election to remain there and enjoy a swim. The only reasonable conclusion is that at the time of injury he was engaged in a purely personal diversion totally unrelated to his work.

The case of *Matter of Penzara* v. *Maffia Bros.* (307 N. Y. 15), decided by us during the last session of this court, is not precedent for an award of compensation here. There, the employee was injured on the business premises where he had been directed to remain for a specified length of time. That case came directly within the meaning and intent of the above-quoted passage from the *Davis* case (*supra*).

Personal activities of an employee unrelated to the work and employment for which the employee has been hired, conducted off the business premises and not required by the employer, are not encompassed by the Workmen's Compensation Law. To grant compensation here would do violence to the statute. Indeed, a grant of compensation here would serve to warn employers that, if they concern themselves with the social and recreational activities of their employees, even though the activities be conducted after hours and be totally unconnected with the work for which the employees have been hired, they run the risk of being subjected to liability for every accident and

injury arising from such activities. The Legislature never intended such a result.

The order of the Appellate Division should be reversed, the award of the Workmen's Compensation Board annulled and the claim dismissed, with costs in this court and in the Appellate Division against respondent Workmen's Compensation Board.

LEWIS, Ch. J., DESMOND, DYE, FULD and FROESSEL, JJ., concur with CONWAY, J.; VAN VOORHIS, J., concurs except regarding what is said concerning the rationale of *Matter of Penzara* v. *Maffia Bros.* (307 N. Y. 15).

Order reversed, etc.