3 N.Y.2d 654 (1958)
In the Matter of the Claim of Frank Miller, Respondent,
v.
F. A. Bartlett Tree Expert Co. et al., Appellants, et al., Respondent. Workmen's Compensation Board, Respondent.
Court of Appeals of the State of New York.
Argued October 14, 1957.
Decided January 24, 1958.
Charles P. Barre for appellants.
Arthur B. Ewig for Frank Miller, respondent.
Chief Judge CONWAY and Judges DESMOND, FULD and FROESSEL concur with Judge DYE; Judge VAN VOORHIS dissents in an opinion in which Judge BURKE concurs.
*655 DYE, J.
This is a compensation case. The issue is a narrow one, namely, whether claimant's injuries were causally connected with his employment or the result of a personal act.
*656 The undisputed proof establishes that at the time of the accident the employer was engaged in the business of tree surgery and that it employed the claimant as its sales representative and general manager of its Kingston, New York, office.
In September, 1952 the claimant, at the request and direction of his employer, went to a three-day conference being held at Stamford, Connecticut. The conference was an annual affair and was held for the purpose of instructing members of the trade with new methods and experimental work. The employer reimbursed claimant for all his expenses while in attendance at the conference. The conference schedule called for outdoor sessions in the field during the daytime and indoor sessions in the evening.
On September 7, 1952 the claimant attended a field conference on the grounds of the laboratory. As part of the instructions then being given, the claimant examined moss and wood, clumps of earth for worms and insects, and had occasion to dig into soil with "a potknife" (sic). It was a hot day  the claimant perspired freely and became "pretty grubby". This field session concluded at 4:30 P.M. The claimant returned to his hotel room. In getting ready for the evening session scheduled to begin at 8:00 P.M., he stepped into the bathtub to take a shower and as he did so he slipped and fell to his injury.
The Appellate Division has reversed, on the law, the decision of the Workmen's Compensation Board setting aside an award of disability benefits made by the hearing referee in favor of claimant and remitted the matter to the board for further consideration.
For purpose of this appeal we treat the order appealed from as a final order and that as such it gives us jurisdiction to hear the appeal, since it is obvious that no further testimony is needed to determine the issue of liability, and that nothing remains to be done beyond a ministerial act, the award having already been fixed.
As we read this record, the taking of a bath was, under the circumstances here involved, related to Miller's employment. Miller's presence at the trade convention and his participation in both afternoon and evening sessions were demanded and ordered by his employer. That being the case, the injury suffered when he was taking a bath between those two sessions necessarily arose out of and in the course of his employment.
The order appealed from should be affirmed, with costs.
*657 VAN VOORHIS, J. (dissenting).
Although claimant was injured while attending a tree surgeons' convention, the only basis on which it has been held that the accident arose out of and in the course of his employment is that claimant fell in a hotel bathtub while he was freshening up for dinner and an evening meeting. The basis for liability of his employer in workmen's compensation has not been held to be that he acted in the course of his employment during the entire interval while he was away from home, but that during the afternoon he had become "grubby" from being instructed by several professors in horticulture. In the course of this instruction he had been taken around the grounds to examine specimens of moss, wood, clumps of earth for worms and insects, and had occasion to dig into the soil with a potknife. He was required to take a bath, so he said, on account of the perspiration produced by these activities. It was a hot day, but his pores are not thought to have been opened by the temperature so much as by the pursuit of these arduous investigations.
Taking a bath is an act of personal hygiene not confined to tree surgeons, especially when they are not working at tree surgery. A traveling salesman took a bath in Davidson v. Pansy Waist Co. (240 N.Y. 584), but this was held to be an uncompensable personal act, even though cleanliness was necessary to make himself ready to perform his regular daily work as a salesman. We said in a Per Curiam opinion that "such preparation cannot be said to be part of his employment and it does not appear that he might not have prepared himself in exactly the same way if engaged in any other employment or vocation." The court did not say if engaged in any other employment or vocation except while attending a tree surgeons' convention, nor is there any basis for such a distinction. This accident did not occur during any of the sessions at the convention but while he was preparing for dinner before an evening session. Few activities are more personal than taking a bath on a hot day before dinner. In Matter of Shultz v. Nation Associates (281 App. Div. 915), it was held that a woman's injury to her eye was not compensable although it occurred on the employer's premises when she struck herself accidentally in the face with a comb while combing her hair preparatory to going to lunch. The court said: "She was performing a purely personal act entirely unrelated to her employment, and the injury was *658 not caused by anything connected with her employment or by reason of her presence on the employer's premises."
Matter of Congdon v. Klett (307 N.Y. 218) is analogous, where a claim was dismissed for an injury after working hours when diving in a private swimming pool maintained by the employer. Matter of Davis v. Newsweek Magazine (305 N.Y. 20, 25) is to similar effect, where an accident happened on a business trip.
Justice HOLMES has remarked that to live is to function, but he was not speaking of workmen's compensation. This award can only be sustained, as it seems to me, on the theory that merely by conducting the ordinary activities of living, claimant was working for the F. A. Bartlett Tree Expert Company.
If there were any question of fact in the case, it was resolved against the claimant by the Workmen's Compensation Board which found as a fact that claimant was engaged in a personal act when he fell in the tub. The courts could not find the opposite without usurping the functions of the board, even if the claim were not required to be dismissed upon the law.
The order appealed from should be reversed and the claim dismissed.
Order affirmed.