██ In the Matter of the Claim of JULIO RUIZ, Respondent, v. DELDAN DESIGN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. GIBSON, P. J. Appeal from a decision and award, contested solely on appellants' denial of accident arising out of and in the course of the employment. Claimant sustained accidental injuries when he slipped and fell against the factory wall while playing handball with coemployees, including his foreman, during their lunch period. There was evidence that the employees played regularly or at least, as the foreman testified, "Whenever they felt like it". The plant manager testified that the ball playing had been forbidden by a prohibitory sign and otherwise but conceded that he knew that the men continued to play during the lunch hour nevertheless and also admitted, in substance, that the foreman gave the men their orders. The board gave weight to the failure to enforce the rule and, also, to the foreman's participation in the game and relied, further, on *Matter of Brown* v. *United Services for Air* (273 App. Div. 932, affd. 298 N. Y. 901). We find no basis for appellants' assertion that *Brown* was weakened or overruled by *Matter of Congdon* v. *Klett* (307 N. Y. 218); and the award has ample support in those and later authorities. (See, e.g., *Matter of Barrett* v. *Al Charyn, Inc.*, 13 A D 2d 863, affd. 11 N Y 2d 849; *Matter of Montpetit* v. *Standard Shade Roller Corp.*,

277 App. Div. 1066, mot. for lv. to app. den. 302 N. Y. 950; 1 Larson, Workmen's Compensation Law, §§ 22.00, 22.11 [pp. 349–350]; § 22.12 [pp. 353, 354].) Contrary to appellants' contention, the similar rules applied in the horseplay cases seem to us analogous and helpful. (See 1 Larson, *op. cit.*, § 22.12, p. 354, n. 25.) Pursuing the analogy, it is interesting to note that in discussing *Montpetit* (*supra*), Dean Larson said (*op. cit.*, § 23.41, p. 387) that "the very fact of the warning established both the existence of the practice and the foreman's knowledge of it." Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Gibson, P. J.