■ In the Matter of GEORGE J. EKLUND, Appellant, v. ARTHUR ANDERSON & Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board, filed August 7, 1972, which disallowed his claim for benefits on the ground that the injury sustained was not an accidental injury arising out of and in the course of employment. On July 19, 1972 claimant, a senior systems analyst, made a date with an individual he had met at the premises where he was working for his employer to play squash following working hours at the Hershey Community Center, owned and operated by the Town of Hershey. Claimant left work, went home and changed his clothes and then met his companion at the center. During the squash game claimant was struck over the left eye by a squash racquet which eventuated in a loss of vision in the eye. The board found that claimant was engaged in a "purely personal activity" with the only link to employment that he was playing with an individual met through employment and denied benefits. We find no basis to disturb this factual determination by the board which is clearly supported by substantial evidence. There is no evidence that would compel the board to find that the employer was in any way involved in promoting this recreational activity so as to bring it within the course of employment (see *Matter of Congdon* v. *Klett*, 307 N. Y. 218). Rather, it is abundantly clear that the board could properly find as an issue of fact that claimant was engaged in a purely personal voluntary athletic activity which had no relationship to his employment (*Matter of Beiring* v. *Niagara Frontier Tr. System*, 23 A D 2d 611). The fact that he was playing with an individual he met at his employment site, of course, did not compel the board to find the accident work connected. Decision affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.