In the Matter of the Claim of JAIRO LOPEZ, Appellant, v
MAMTA DEVELOPMENT CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, April 26, 1984

APPEARANCES OF COUNSEL

*Lee, Kirsch & Lefkowitz, P. C. (Henriette Frieder* of counsel), for appellant.

*Jones, Presti & Rooney (Victoria E. Manes* of counsel), for Mamta Development Corp. and another, respondents.

OPINION OF THE COURT

LEVINE, J.

Claimant was employed as an apartment building superintendent and, as incident to his duties and part of his remuneration, resided rent-free in one of the apartments with his family. He was injured as a result of a physical altercation with a tenant on March 17, 1981, which the Workers' Compensation Board (the board) held not to be compensable because it did not arise out of and in the course of his employment. While there was conflicting testimony as to who was the aggressor in this incident, there was evidence indicating the following chain of events which led to it. During the morning of the day in question, claimant was informed by a representative of the union for

similar building employees that a strike had been called and was asked to cooperate by refusing to perform his customary duties and by shutting down the building's boiler and elevator. Claimant, although not a member of the union, wished to become one and therefore complied with the union's request. In response to tenant complaints resulting from claimant's action, the owner/employer contacted claimant and directed him to resume services, but he declined, referring the owner to the union. During the early evening, a tenant came to claimant's apartment to complain. Claimant did not answer the door until the tenant had knocked so persistently that it was annoying his family. A heated argument ensued during which, allegedly, the tenant struck and injured claimant with a tennis racquet and claimant struck the tenant with a broomstick.

Claimant contends that, on the foregoing facts, the board erroneously denied him benefits. He was an employee residing on the employer's premises, was "on call", and the assault occurred during a dispute over the performance of his duties as an employee. According to claimant, with the foregoing elements established, under settled law, he was entitled to workers' compensation and the board lacked justification to forfeit his rights solely because of any alleged misconduct in performing his services.

The salient feature of this case which distinguishes it from the authorities relied upon by claimant is that the assault did not arise out of misconduct merely incidental to the performance of his duties, but was the direct result of unauthorized strike activity in which he was refusing to perform *any* of the services for which he was employed. Whether injuries sustained under such circumstances are compensable appears to be a case of first impression in New York. We think, however, that two related lines of cases point toward the appropriate basis for decision. First, an employee may be denied benefits for an injury in the course of "horseplay" if it was a serious deviation from his course of employment and neither conduct commonly engaged in at his workplace nor a kind normally to be expected. In such cases, the injury is deemed not to "arise out of" the employment (*Matter of Ognibene v Rochester Mfg. Co.,* 298 NY 85, 87; 1A Larson, Workmen's Compensation Law, § 23). Under another line of authority, benefits

will be denied for injuries sustained when an employee has been engaged in conduct disobedient of his employer's work rule or specific directive, provided that the activity was outside the scope of his duties rather than a mere deviation from the manner in which the duties were to be performed. The injuries are then held not to have been sustained "in the course of" the employment (*Matter of Merchant v Pinkerton's Inc.*, 50 NY2d 492, 496; *Matter of Gaurin v Bagley & Sewall Co.*, 298 NY 511; *Matter of Hyatt v U. S. Rubber Reclaiming Co.*, 256 NY 571). The operative factual elements in both lines of authority are essentially the same. The employee's injury occurred while he was occupied in an activity having neither direct nor indirect benefit to the employer, which was not incidental to his employment, and which constituted an intentional, substantial deviation from the scope of his employment.

In our view, the same rationale for denial of benefits applies, *a fortiori*, to claimant's conduct here. By electing to participate in the strike, claimant not only deviated from his employment, he essentially withdrew from it. Obviously, too, his refusal to work was not merely of no benefit to his employer, it was an act deliberately designed to injure his employer economically. For these reasons, the board was correct in determining that claimant was not injured as the result of an accident arising out of and in the course of his employment. We note, also, that the foregoing accords with the prevailing view in other jurisdictions where the precise issue has been considered (see *Universal Cyclops Steel Corp. v Krawczynski*, 9 Pa Commonwealth Ct 176; *Fantasia v Hess Oil & Chem. Corp.*, 110 NJ Super 360, affd 113 NJ Super 229; 1A Larson, Workmen's Compensation Law, § 27.33).

The decision should be affirmed, without costs.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Decision affirmed, without costs.