■ In the Matter of the Claim of MICHAEL BASHWINGER, Respondent, v CATH-FRAN CONSTRUCTION COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [606 NYS2d 435] —Crew III, J. Appeals from three decisions of the Workers' Compensation Board, filed October 7, 1991, July 23, 1992 and November 20, 1992, which, *inter alia,* ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

In June 1983, claimant was employed by Cath-Fran Construction Company as a construction laborer framing houses. On June 17, 1983, while at the home of Vincent Grady, the father of one of claimant's co-workers, claimant struck his head on the bottom of the Grady's pool and, as a result, sustained serious injuries rendering him a quadriplegic. Claimant thereafter commenced a civil action against the homeowners, Cath-Fran and Frank Mesiti, Cath-Fran's general foreman, and in March 1989 filed a workers' compensation claim. At the conclusion of the hearing that followed, the Workers' Compensation Law Judge found, *inter alia,* that claimant's injury was compensable as an accident arising out of and in the course of employment and, further, that the claim was not time barred by Workers' Compensation Law § 28. This decision was affirmed by a Workers' Compensation Board panel by decision filed October 7, 1991 and amended decision filed July 23, 1992. The carrier's subsequent request for full Board review by the employer's workers' compensation carrier was denied and, in a supplemental decision filed November 20, 1992, the Board panel affirmed the amended decision of July 23, 1992. These appeals by the employer followed.

Assuming, without deciding, that the claim was filed in a timely fashion, we are of the view that claimant's injuries are not compensable due to the circumstances under which they occurred. It is well settled that "[t]o be compensable, an injury must arise out of and in the course of employment" *(Matter of Richardson v Fiedler Roofing,* 67 NY2d 246, 249). Although activities that are purely personal pursuits are not within the scope of employment, and, hence, no recovery may be had for injuries sustained while engaging in them, "[m]omentary deviation[s] from the work routine for a customary and accepted purpose will not bar a claim for benefits. The determination of what is reasonable activity and what is unreasonable, and thus a deviation, is factual and the Board is afforded wide latitude in deciding whether the employee's conduct is disqualifying" *(supra,* at 249 [citation omitted]).

Here, claimant testified that on June 17, 1983, he was working at a job site in the Town of Bethlehem, Albany County, with a crew of laborers supervised by James Truax. Claimant testified that on that date, after being paid by Mesiti, Truax told him and other members of the work crew to load certain materials onto a vehicle and to follow the vehicle to the Grady residence. It was claimant's impression that the materials were being taken to another job site. According to claimant, upon arrival at the Grady residence, the materials were unloaded and placed in the garage, after which there was a discussion about repairing or replacing the pump house located near the Gradys' pool. Specifically, claimant testified that Truax "called him over" to inspect the pump house and that, after a brief discussion, claimant told Truax that "it wasn't worth fixing". Claimant testified that he then decided to leave, at which point Truax, who was apparently already in the pool, asked claimant if he wanted to go swimming. Claimant declined and, as he was leaving, was apparently hit in the shoulder, causing him to fall into the pool, where he sustained his debilitating injuries. Ultimately, the Board panel credited this testimony, except that it rejected claimant's assertion that he was pushed into the pool and instead found that claimant intended to go swimming and entered the pool voluntarily.

In *Matter of Congdon v Klett* (307 NY 218), the Court of Appeals summarized the circumstances under which injuries sustained by an employee engaged in recreational activities have been held to be compensable. Briefly, such activities may be compensable when: "(a) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or (b) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or (c) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life" *(supra,* at 222, quoting 1 Larson, Workmen's Compensation § 22).

Plainly, claimant's own testimony, which was substantially credited by the Board panel, establishes that the injuries claimant suffered did not occur during a lunch or recreational period; indeed, claimant testified that he was leaving the premises for the day and it is readily apparent, again from claimant's own testimony, that no further work was to be performed at the Grady residence at that time. Thus, this was

not a situation where claimant was simply standing by waiting to resume work *(compare, Matter of Lubrano v Malinet,* 65 NY2d 616; *Matter of Bender v Long Is. Light. Co.,* 71 AD2d 754, *lv denied* 48 NY2d 608). Further, claimant's testimony indicates that Truax did not order, but merely invited, claimant to go swimming, and there is no indication that swimming was part of the services normally performed by claimant *(see, Matter of Congdon v Klett, supra,* at 222). Finally, there is no evidence in the record to support a finding that claimant's employer obtained a substantial direct benefit from allowing claimant to go swimming in the Gradys' pool *(see, supra,* at 222).

In short, even accepting, as we must, the factual findings made by the Board panel, the determination that claimant's injuries arose out of and in the course of claimant's employment simply is not supported by substantial evidence. Accordingly, the Board panel's decisions must be reversed and the claim dismissed. Although not necessary to our decision, we have examined the employer's remaining arguments and find them to be lacking in merit.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the decisions are reversed, without costs, and claim dismissed.