■ TERENCE E. GLADWELL, III, Appellant, v C & S COMMUNICATIONS, INC., et al., Respondents. [637 NYS2d 502] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Nicolai, J.), entered June 8, 1994 in Westchester County, which denied plaintiff's motion to strike certain of defendants' affirmative defenses.

The issue in this personal injury action is whether the Workers' Compensation Law is applicable, thereby foreclosing certain of defendants' affirmative defenses. The defenses assert that plaintiff's injuries resulted from his own culpable conduct and alleged, *inter alia*, contributory negligence and assumption of risk. Under Workers' Compensation Law § 11, if the employer is uninsured (as is the case here), the employer is prohibited from pleading those defenses. However, two requirements must be satisfied before the Workers' Compensation Law applies. The worker must be an employee and the injuries must arise "out of and in the course of the employment" (Workers' Compensation Law § 10 [1]). Supreme Court found that plaintiff's injuries were not compensable under the Workers' Compensation Law and denied plaintiff's motion to dismiss defendants' affirmative defenses.

The pertinent facts in order to determine whether plaintiff was injured in the course of his employment are as follows. Plaintiff worked for defendant C & S Communications, Inc. as a cable service installer. Defendant Anthony Bruno worked for C & S as an installation supervisor and was plaintiff's direct supervisor. On the day of the accident, according to Bruno's pretrial testimony, plaintiff and another co-worker were riding in Bruno's van in the afternoon after completing their work for the day. They went to a park and had lunch. When they finished, Bruno testified that he was driving and returning the co-worker and plaintiff to their cars. Plaintiff, however, claimed that Bruno was taking him to inspect the work that plaintiff had done in the morning. Plaintiff also contended that it was only at Bruno's request that he accompanied Bruno to lunch so that afterward they could conduct the inspections. Although Bruno and plaintiff disagree as to where plaintiff and the co-worker were seated in the van on their return trip, both acknowledge that the co-worker performed a stunt which involved his leaning backward outside a van door while the vehicle was moving. The co-worker returned to his seat and, according to plaintiff, the two switched places and plaintiff attempted the same stunt. In so doing, he lost his balance, fell outside the van and was injured.

We affirm Supreme Court's determination that, as a matter of law, plaintiff's injuries did not occur while he was acting within the scope of his employment. Even assuming, as Supreme Court did, that an employer/employee relationship existed, we conclude that plaintiff was engaged in uncompensable horseplay at the time of the accident and his behavior was, therefore, outside the scope of the Workers' Compensation Law. It is true that, while activities that are purely personal are not within the scope of employment, momentary deviations from the work routine for a customary and accepted purpose have been found compensable (*see, Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 249). It is also true that the question of what is a reasonable or unreasonable activity, and thus a deviation, is usually one of fact (*see, Matter of Bashwinger v Cath-Fran Constr. Co.*, 200 AD2d 791, *lv denied* 83 NY2d 757). Nevertheless, accidents resulting from "obviously unauthorized and 'isolated incident[s] of foolery'" (*Matter of Kotlarich v Incorporated Vil. of Greenwood Lake*, 101 AD2d 673, *lv denied* 64 NY2d 603) are not compensable.

Here, even if we accept that Bruno continued to exercise authority over plaintiff during the lunch break and that, therefore, the employment was not interrupted at the time of the accident (*see, Matter of Smith v United States Trucking Corp.*, 66 AD2d 939), we would still find that plaintiff's behavior constituted uncompensable horseplay. Although recoveries for injuries resulting from horseplay have been permitted, they have been limited to instances where the horseplay arises "out of a regular and foreseeable feature of the employment * * * or where the claimants were the passive victims of a coemployee's prank * * * or were injured by a 'tempting instrumentality' kept on the work premises by the employer" (*Matter of Kotlarich v Incorporated Vil. of Greenwood Lake*, 101 AD2d 673, *supra* [citations omitted]). None of these instances apply in this case. Here, there is only one inference that can be drawn and that is that this was an isolated act of horseplay (*see generally, Bailey v Nationwide Mut. Fire Ins. Co.*, 133 AD2d 915, 917). There is no evidence that the employer was aware of or allowed the activity (*cf., Matter of Lubrano v Malinet*, 65 NY2d 616; *Matter of Aucompaugh v General Elec.*, 111 AD2d 1073). Plaintiff's behavior clearly consisted of a singular event which was not a regular or foreseeable incident of his employment and was, thus, outside the scope of the Workers' Compensation Law.

Mikoll, Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.