■ In the Matter of the Claim of MICHAEL J. GRADY, Appellant, v DUN & BRADSTREET et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [696 NYS2d 258] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed November 10, 1998, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.

In September 1992, claimant, an audit manager for Dun & Bradstreet, traveled to New York to participate in a training seminar for business training program employees who were transferring to the audit department. On the third day of the program, claimant taught a full-day seminar, following which he met a number of trainees for dinner at a local restaurant. At the local restaurant, claimant consumed several alcoholic beverages. When the group returned to the Rye Town Hilton in Westchester County, the locus of the seminar, claimant continued to consume alcoholic beverages in the hotel's bar until approximately midnight.

Around midnight, claimant decided to go swimming. After briefly stopping at his room, claimant met with two of the trainees by the entrance to the indoor pool. Finding the indoor pool locked, claimant and the two trainees proceeded to the outdoor pool. The outdoor pool was enclosed by a four-foot high fence and the gate was chained and padlocked. A sign posted in the vicinity of the outdoor pool indicated that normal pool hours terminated at 9:00 P.M. The pool area was dimly lit.

Claimant scaled the four-foot high fence and dove into the shallow end of the pool without taking note that the pool had been partially drained that day to be closed for the season. He struck the bottom of the pool, broke his neck and is now a quadriplegic.

The Workers' Compensation Law Judge disallowed the claim, finding that claimant's intoxication was the sole cause of the accident. On appeal, the Workers' Compensation Board determined that claimant's intoxication was not the sole cause of the accident but, nevertheless, disallowed the claim for benefits finding that claimant's actions were so unreasonable as to compel a finding that the accident did not arise out of and in the course of his employment. Claimant appeals this decision.

Workers' Compensation Law § 10 imposes liability on employers for injuries to employees which arise out of and in the course of their employment, without regard to the fault of the injured employee. One of the exceptions to this rule is that an employer is not liable for compensation when the employee's injury was solely occasioned by the employee's voluntary intoxication.

A claimant directed to go on business travel is "not expected to wait immobile, but may indulge in any reasonable activity * * * and if he does so the risk inherent in such activity is an incident of his employment" (*Davis v Newsweek Mag.*, 305 NY 20, 28). Any injury sustained while in travel will thus be compensable so long as claimant "was engaged in a reasonable activity at the time of the incident for which compensation is sought" (*Matter of Osterberg v Columbia Univ.*, 56 AD2d 675). While activities that are purely personal are not within the scope of employment, deviations from routine employment for appropriate and accepted purposes have been found to be compensable (*see, Matter of Richardson v Fiedler Roofing*, 67 NY2d 246). Whether the deviation from employment is a reasonable activity, imposing liability for injury to the employee while engaged therein, is a matter of fact (*see, Matter of Bashwinger v Cath-Fran Constr. Co.*, 200 AD2d 791, *lv denied* 83 NY2d 757). This Court's review is limited to whether there is substantial evidence in the record to support the Board's decision (*see, Matter of DePaoli v Great A & P Tea Co.*, 257 AD2d 912, *lv dismissed* 93 NY2d 920, *lv granted* 93 NY2d 814; *Matter of Brown v Alos Micrographics Corp.*, 150 AD2d 888, 889). On this record, the Board's determination is supported by substantial evidence and is affirmed.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.