■ In the Matter of EMILY B. MAHER, Appellant, v NYS DIVISION OF BUDGET et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [898 NYS2d 726]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed December 9, 2008, which ruled that claimant's injury did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, a budget examiner for the employer, filed a claim for workers' compensation benefits after she fell from a second-story roof at the Gideon Putnam Hotel in the City of Saratoga Springs, Saratoga County, while attending a training conference. Although a workers' compensation law judge found the claim to be compensable and awarded benefits, the Workers' Compensation Board reversed, concluding that claimant devi-

ated from her employment by climbing out onto the roof, that such action was not reasonable and, hence, claimant's injury did not arise out of and in the course of her employment. This appeal by claimant ensued.

We affirm. After attending the first day of a two-day training conference and the employer-sponsored dinner, claimant and a group of fellow budget examiners took a shuttle into downtown Saratoga and visited three bars on Caroline Street. According to one witness, claimant consumed five beers in four hours but did not appear to be intoxicated. Around midnight, claimant and two of her coworkers took a taxi back to the Gideon Putnam, where they had overnight accommodations, and eventually worked their way to a second-floor suite occupied by one of the coworkers. Shortly after arriving in the suite, claimant and her two coworkers stepped out onto the roof of the hotel, which was accessible only via the bathroom window in the suite. Approximately 20 minutes later, claimant placed her hands on the railing surrounding the roof, heard a loud crack and fell to the ground below.

For an injury to be compensable, it must arise out of and in the course of employment (*see* Workers' Compensation Law § 10). Whether a particular activity is compensable is a factual issue for the Board to resolve (*see Matter of Pedro v Village of Endicott*, 307 AD2d 598, 599 [2003], *lv dismissed* 1 NY3d 546 [2003], *lv denied* 2 NY3d 706 [2004]), "with the test being whether the activit[y] [is] both reasonable and sufficiently work related under the circumstances" (*Matter of Marotta v Town & Country Elec., Inc.*, 51 AD3d 1126, 1127 [2008] [citations omitted]; *Matter of Pedro v Village of Endicott*, 307 AD2d at 599; *Matter of Grady v Dun & Bradstreet*, 265 AD2d 643, 644 [1999]). Based upon our review of the record as a whole, we cannot say that the Board erred in concluding that claimant's conduct—accessing the hotel roof via the bathroom window—was unreasonable under the circumstances (*see Matter of Grady v Dun & Bradstreet*, 265 AD2d at 644; *Matter of Hancock v Ingersoll-Rand Co.*, 21 AD2d 703, 704 [1964]; *compare Matter of Schneider v United Whelan Drug Stores*, 284 App Div 1072, 1073 [1954]). Accordingly, the Board's decision is affirmed.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.