Matter of Button v Button (2018 NY Slip Op 07809)





Matter of Button v Button


2018 NY Slip Op 07809


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

525989

[*1]In the Matter of the Claim of GAVIN BUTTON, Appellant,
v
LEON N. BUTTON et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: October 17, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Coughlin & Gerhart, LLP, Binghamton (Lars P. Mead of counsel), for appellant.
William O'Brien, State Insurance Fund, New York City (William R. Hartman of counsel), for Leon N. Button and another, respondents.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from a decision of the Workers' Compensation Board, filed February 23, 2017, which ruled that claimant's injuries did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant was a farm worker in charge of the employer's dairy cows. After milking the cows on the day in question, claimant rode the employer's all-terrain vehicle (hereinafter ATV) to his residence, where his girlfriend was moving in that day. Claimant's residence, which was provided by the employer, was located across the road from the farm where claimant worked. While there, claimant grabbed a beer before getting back on the ATV to return to the farm to clean the milking parlor. As claimant attempted to cross the road, he failed to yield to traffic, was struck by an oncoming vehicle and was thrown from the ATV — sustaining serious injuries. Claimant's subsequent application for workers' compensation benefits was controverted by the employer, and the matter proceeded to a hearing. A Workers' Compensation Law Judge denied the claim, finding that claimant was engaged in a prohibited activity at the time of his accident and, therefore, his injuries did not arise out of and in the course of his employment. Upon review, the Workers' Compensation Board affirmed, prompting this appeal.
"An employee's injury is compensable only if it arises out of and in the course of the employment" (Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [2018] [internal quotation marks, brackets and citation omitted]; see Matter of Marotta v Town & Country Elec., Inc., 51 AD3d 1126, 1126 [2008]), and whether a compensable accident has occurred presents a factual issue for the Board to resolve (see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1357 [2018]; Matter of Larosa v ABC Supply Co., Inc., 159 [*2]AD3d 1321, 1322 [2018]; Matter of Williams v New York State Off. of Temporary Disability & Assistance, 158 AD3d 965, 966 [2018]). Although "momentary deviations from the work routine for a customary and accepted purpose will not bar a claim for benefits" (Matter of Bashwinger v Cath-Fran Constr. Co., 200 AD2d 791, 791 [1994] [internal quotation marks, brackets and citation omitted], lv denied 83 NY2d 757 [1994]), activities that constitute purely personal pursuits do not fall within the scope of employment and, therefore, a claimant may not recover for injuries sustained while engaging in such pursuits (see Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 249 [1986]; Matter of Grady v Dun & Bradstreet, 265 AD2d 643, 644 [1999]; Matter of Bashwinger v Cath-Fran Constr. Co., 200 AD2d at 791; Matter of Lopez v Mamta Dev. Corp., 101 AD2d 154, 155-156 [1984], lv denied 63 NY2d 605 [1984]). "The determination of what is reasonable activity and what is unreasonable, and thus a deviation, is factual and the Board is afforded wide latitude in deciding whether the employee's conduct is disqualifying" (Matter of Richardson v Fiedler Roofing, 67 NY2d at 249; accord Matter of Bashwinger v Cath-Fran Constr. Co., 200 AD2d at 791; see Matter of Grady v Dun & Bradstreet, 265 AD2d at 644). To that end, "[t]he Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Williams v New York State Off. of Temporary Disability & Assistance, 158 AD3d at 967 [internal quotation marks and citations omitted]).
Although claimant initially denied drinking alcohol on the day in question and insisted that there was no alcohol in his system at the time of the accident, he subsequently acknowledged that it was "[v]ery possible" that he was drinking a beer prior to the accident. This concession was consistent with claimant's blood alcohol level following the accident, the testimony of claimant's girlfriend, who acknowledged that claimant "grab[bed] a beer from the refrigerator" prior to leaving their residence to return to the farm, the testimony of the responding emergency medical technician, who indicated that claimant's breath smelled of alcohol at the scene, and the bottle of beer that was observed on the side of the road following the accident. As to the issue of whether claimant was permitted to consume alcohol while at work, although claimant testified that the employer "never said no," the employer testified that, in response to rumors he had heard regarding claimant drinking on the job, he spoke with claimant a few days prior to the accident and "gave him a warning" stating, "[I]f you're drinking on the job, it's got to stop now because it's not allowed, and if I catch you, it's going to cost you your job." The employer further testified that he never allowed employees to consume alcohol at work — a rule acknowledged by one of claimant's coworkers — and that he had raised this issue with claimant "two or three times."
Regardless of whether claimant was permitted to use the employer's ATV or to take a break and leave the farm for a brief period of time before returning to work, the employer's testimony makes clear that consuming alcohol on the job was not a permitted, acceptable or customary deviation from claimant's employment (compare Matter of Marotta v Town & Country Elec., Inc., 51 AD3d at 1127-1128; Matter of Kouvatsos v Line Masters, 281 AD2d 769, 770 [2001]). As the record as a whole provides substantial evidence to support the Board's finding that claimant was engaged in an impermissible deviation from his employment at the time of his accident, his resulting injuries did not arise out of and in the course of his employment and, therefore, are not compensable (cf. Matter of Gladwell v C & S Communications, 224 AD2d 775, 776 [1996]; Matter of Lopez v Mamta Dev. Corp., 101 AD2d at 155-156). Any inconsistencies in the employer's proof or conflict in the hearing testimony presented credibility issues for the Board to resolve (see e.g. Matter of Larosa v ABC Supply Co., Inc., 159 AD3d at 1322). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit. Accordingly, the Board's decision is affirmed.
Garry, P.J., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.