In the Matter of the Claim of DUANE I. INGRAHAM, Appellant, against LANE CONSTRUCTION CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 1, 1955.

*Vincent P. Pickett* for appellant.

*John E. Knauf* for respondents.

FOSTER, P. J. This is an appeal by claimant from a decision of the Workmen's Compensation Board which denied his claim for compensation.

Claimant was employed as an operator of a tournapull earth moving machine on a highway construction job near Amsterdam, N. Y. He and two of his fellow employees lived at Mechanic-ville, N. Y., and they customarily transported each other to the site of the work in their own cars in alternate weeks. On the day of his accident claimant rode to work with a fellow employee.

It had rained the day before the accident and when claimant arrived he was told by his foreman to wait until bulldozers and scrapers were brought in to clear the mud out. While waiting claimant and his fellow employee sought shelter from the cold in the car of his fellow employee. Then claimant noticed that a light on the bottom of the dash in the car was loose. He offered to tighten it, and while doing this the screwdriver which he used slipped out of a screw and struck him in the right eye. As a result of this accident he lost the eye.

The board denied an award, by a divided vote, on the ground that claimant's activity at the time of the accident had no relation to his employment, was not a reasonable incident of the employment, and was not in the interest of the employer. It also found that the accident did not arise out of and in the course of the employment.

We think the board overlooked certain facts and proceeded upon an erroneous theory of law. Certainly claimant was in the course of his employment. He was told to wait, and during the waiting period he was at all times subject to the call of the employer. He was not required to remain immobile, or to stand out in the cold. He was at liberty to indulge in any reasonable activity during the waiting period (*Matter of Penzara* v. *Maffia Bros.*, 307 N. Y. 15; *Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20). Therefore the only issue in the case was whether or not his attempt to fix the light in a fellow employee's car was a reasonable activity under the circumstances. We do not understand from the cases cited a waiting employee's activity must necessarily be connected with his work. Such a requirement would be illogical, for if the activity related to the work there would be no issue in the case, unless of course it involved something the employer had forbidden. Hence the inquiry by the board should have been limited to the issue of whether claimant's activity was reasonable under the circumstances, and not enlarged so as to make connection with his work the test. It would seem that claimant's attempt to fix his fellow employee's

car, in which he was being transported for that week, was a perfectly natural and reasonable activity. Above and beyond this there was proof in the record that cars of employees were occasionally used for transportation along the site of the work, so that a conclusion might be drawn that claimant was actually doing something connected with his work when he attempted to fix the car, although we do not think such a finding necessary to sustain an award.

The decision should be reversed, with costs to appellant against respondents employer and insurance carrier, and matter remitted to the Workmen's Compensation Board for further consideration.

Coon, Halpern, Imrie and Zeller, JJ., concur.

Decision reversed, with costs to appellant against respondents employer and insurance carrier, and matter remitted to the Workmen's Compensation Board for further consideration.