■ ANDREW S. BATTAGLIA, as Administrator of the Estate of FRANK PARISI, Deceased, Respondent, v. PETER PUGLISI et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered in Broome County, which denied defendants' motion for summary judgment in an action to set aside a conveyance of real property from plaintiff's intestate to himself and defendants, as joint tenants with right of survivorship, executed by plaintiff's intestate some seven months before his death and recorded thereafter. The complaint alleges that the conveyance was (1) in fraud of creditors and (2) an illusory transfer to deprive the grantor's widow of any interest in his estate. As to the first cause of action, there exist factual issues requiring trial, including that as to the existence of an indebtedness of decedent to the State of New York in an amount exceeding his untransferred assets, for maintenance of decedent's widow in a State institution; this being dependent in part upon the additional factual question of decedent's financial ability (Mental Hygiene Law, § 24, subd. 2; Code Crim. Pro., § 926-b). Under the second cause of action, unresolved factual issues exist as to any intent and agreement of the parties which may be proven in support of plaintiff's contention that the conveyance was intended by them to constitute a disposition of the property effective in no respect until decedent's death. Order unanimously affirmed, with $10 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of THEODORE GROSACK, Respondent, against HERMANN & JACOBS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant is employed as a salesman. He is also required to take care of samples and to perform other duties on assignment. He works at the Manhattan place of business of the employer. On October 14, 1955 he slipped in a restaurant where he was having lunch, fell, and his right arm went through a glass door. He suffered injuries consisting of a vertical scar about two inches in length on the right hand, surrounded by an extensive area of inflamed tissue, and a neuritis of the index finger and thumb; he was disabled until November 11, 1955. The Workmen's Compensation Board has held that the accident arose out of and in the course of employment; and in our view substantial evidence in the record supports the decision. On the date of accident claimant was assigned to drive the sales manager to various places of business of customers. Near noon they stopped at a store in East Fordham Road, The Bronx. The store manager was not then in and the claimant's superior decided to wait for him; although he had other places to visit that day. Claimant testified his superior told him: "Tell you what to do. We'll save that much more time. You run around here somewhere and grab a bite to eat. Don't take too long, and come back." The claimant's superior testified to substantially the same thing; that the reason he then sent claimant for lunch was to get going immediately after he had seen the store manager for whom he was waiting. Thus there is presented a case where claimant was then engaged in an outside employment taking him from his usual place of work to a part of the city in which the lunch period might be found on general principles to be within the scope of employment. Additionally it could well be found that the actual circumstances of going to lunch were so regulated as to become closely controlled by the employer and could thus be deemed to have continued the employment to the place of accident. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.