In the Matter of the Claim of JAMES D. PUTNAM, Respondent, v. NEW YORK STATE DEPARTMENT OF PUBLIC WORKS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J.  Appeal by employer and carrier from a board decision awarding compensation benefits. The claimant, a laborer for the Department of Public Works, reported regularly for work at a garage in the early morning. It was customary for the claimant and his coemployees to be transported in a truck to the site of the job. It was also customary to stop work and to return by the same method of transportation to the garage to arrive at 4 o'clock in the afternoon. Traveling time indisputably was part of the work day. On the day of the accident the foreman instructed the men to quit and they deposited their tools in the foreman's truck. The claimant testified that he waited about 10 or 15 minutes for the arrival of the truck which was to return him and his fellow employees to the garage. Then, at a time when the truck had not come, according to his testimony, he started to cross the road to a stream with the intention of going "into the water to clean up". The claimant's duties entailed following a black-top grader with a shovel and filling in any spaces left by the machine. It was a "dirty type of work". On the day in question the temperature was in the 80's and the men became very sweaty and dirty. The claimant testified that, as he was preparing to jump into the water, he either "slipped or fell", that he put his hands in front of his head to protect his face and that his entry into the water "must have looked like a dive". There was also evidence that the claimant deliberately dove into the water and also that the truck had arrived prior to his entering the water. However, questions of credibility are strictly within the province of the board and the board was not bound as a matter of law to accept the adverse testimony (*Matter of Manolakis* v. *Edison S.S. Corp.*, 15 A D 2d 845; *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65). The board found "that the desire of the claimant to wash up was a reasonble incident of his employment and did not constitute a deviation from his employment" and that his "slipping or falling into the stream and striking his head constituted an accidental injury arising out of and in the course of employment." We think that the claimant's effort to wash or bathe was reasonably incidental to his employment (1 Larson, Workmen's Compensation, §§ 21.62, 21.63, pp. 325–328; *Matter of Williams* v. *Endicott Johnson Corp.*, 284 App. Div. 920; *Matter of Marco* v. *News Syndicate Co.*, 257 App. Div. 887). Moreover, we have had occasion to state (*Matter of Ingraham* v. *Lane Constr. Corp.*, 285 App. Div. 572, 573, per FOSTER, P. J., affd. 309 N. Y. 899) that when an employee was told to wait he "was not required to remain immobile" and "was at liberty to indulge in any reasonable activity during the waiting period" and that "Therefore the only issue in the case was whether or not his [the particular activity] * * * was a reasonable activity under the circumstances." The appellants contend that the injury to the claimant occurred as the result of a prank, that the claimant abandoned his employment and that he did not sustain an accidental injury arising out of and in the course of employment. However, the board has resolved the disputed testimony otherwise

and we may not interfere with its fact-finding power. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.