■ In the Matter of the Claim of ROBERT BLETTER, Respondent, v. HARCOURT, BRACE & WORLD, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision which awarded compensation benefits; appellants employer and carrier contending that claimant's accidental fall, which they concede occurred in the course of the employment, did not arise out of the employment. Claimant, age 33, was employed as an associate editor of high school textbooks by Harcourt, Brace & World, Inc., a publisher, which occupied about half of the space in the Harcourt, Brace & World building where claimant was employed. Employees were permitted to take an hour for lunch and either to leave the building or to make use of the company cafeteria. On the day of the accident claimant ate in the cafeteria with two co-workers in his department and, because they were busy at the time, " probably " cut short their lunch time. While returning on a self-service elevator from the fourth floor cafeteria to his eighth floor office, claimant, because, as he testified, " I was in good spirits because of the fact I was enjoying the job, that I had good friends there and I was generally feeling good ", attempted to do a dance step but fell and fractured his thigh. Questioned further as to his " good spirits ", he said, " I felt things were going well in my position with the company and I was enjoying the people I was working with and my supervisor, and was generally in good spirits." The

board's decision was, in pertinent part, as follows: "The Board finds that claimant's casual indulgence in a little dance step on the employer's premises and while in a swiftly moving elevator, was not an unreasonable activity in view of his feeling of well-being created by his liking for both the job and his co-workers, so as to be deemed a deviation from the employment. Under the circumstances here, the Board finds that the act in question was a work related incident and that the injuries then sustained arose out of and in the course of the employment." We agree with the board's conclusion that this spontaneous, perhaps irrepressible outburst of exuberance and good feeling was engendered by, and arose out of the employment and, of course, and as appellants concede, occurred in the course of the employment. Even had the act constituted a deviation, it was momentary and would have to be found so brief and minor as not to have interrupted the employment. We are unable to concur in the dissenters' view that, as in *Matter of Kaplan* v. *Zodiac Watch Co.* (20 N Y 2d 537), there is involved a personal act, as might have been the case had claimant been dancing for the sake of dancing and of dancing pleasure, whether solo or with a partner, and not, as here, merely expressing satisfaction with the work and the work environment; the little dance step being no more than a gesture, comparable to a handshake or a friendly slap on the back, indicative of good employment relations and morale. As hereinbefore indicated, we do not believe that this is a "personal act" case — i.e. involving one of such matters as dressing, personal hygiene or personal comfort — and thus controlled by *Kaplan* (20 N Y 2d 537, *supra*), upon which the minority memorandum in large part relies; as there it was recognized that accidental injuries caused by a personal act are compensable when "due, at least in part, to an environmental factor which might reasonably be viewed as having some causal connection with the accident suffered by the employee who was conducting himself in a reasonable manner" but that "the room which claimant occupied in no way contributed to the accident" and that "The very same sort of accident could have as easily occurred at his home or at any other place." (p. 540.) In the case before us, the board was fully warranted in finding, as it implicitly did, that the environmental and work-connected factors alike, including those of time and space and, importantly indeed, the presence and, indeed, participation of claimant's co-workers, were effective and controlling as respected causation. Although the thrust of the argument for reversal is to the personal-act doctrine, as most recently enunciated in *Kaplan,* it seems not amiss to note our view that, although we approve the board's conclusion that claimant's act was an "incident" of the employment, nevertheless, if, instead, it be deemed a deviation, the board's decision can also be sustained as involving an act constituting but a momentary diversion or minor deviation not interruptive of the employment. As in the horse play cases, to which this is akin, claimant during the enforced waiting period "was not required to remain immobile * * * [but] was at liberty to indulge in any reasonable activity" (*Matter of Ingraham* v. *Lane Constr. Corp.,* 285 App. Div. 572, 573, affd. 309 N. Y. 899; *Matter of Sarriera* v. *Axel Electronics,* 25 A D 2d 592; and see *Matter of Manville* v. *New York State Dept. of Labor,* 294 N. Y. 1, 4; *Matter of Miles* v. *Gibbs & Hill,* 225 App. Div. 339, affd. 250 N. Y. 590; 1 Larson, Workmen's Compensation Law, § § 21.21 [c], 23.62 [b], 23.63). We cannot find either unreasonable or a substantial deviation this claimant's expression or gesture of approval of his work and work relationships, spontaneously manifested to those with whom he worked. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Gabrielli, JJ., concur in memorandum by Gibson, P. J.; Reynolds and Aulisi, JJ., dissent and vote to reverse and dismiss in a memorandum

by Reynolds, J. Reynolds, J. (dissenting). The claimant's fall while executing a dance step was purely personal act of the claimant and not in anyway attributable to the employment environment and thus the rationale of *Matter of Kaplan* v. *Zodiac Watch Co.* (20 N Y 2d 537) precludes an award here. I cannot agree with the majority's position that the "personal act" concept is limited to "such matters as dressing, personal hygiene or personal comfort". Moreover, as I interpret *Kaplan* it is highly significant whether the accident is some how "work connected" or "could have as easily occured at his home or at any other place." (*Matter of Kaplan* v. *Zodiac Watch Co., supra*, p. 540.) The reference to the "swiftly moving elevator" in the board's decision is merely window dressing. There is no contention by anyone that the elevator had anything to do with the occurrence. I fail to find on the instant record any basis for holding that this accident could not just as easily have occurred "at home or any other place." The majority's attempt to rationalize that the board could find "environmental and work connected" factors present is specious. He could well have had the same happy thoughts which precipitated his dance at home or on the street. There is no showing that employment factors or working conditions in anyway directly contributed to what occured and thus cases such as *Matter of Sarriera* v. *Axel Electronics* (25 A D 2d 592) and *Matter of Ingraham* v. *Lane Constr. Corp.* (285 App. Div. 572, affd. 309 N. Y. 899) are not apposite here. Nor is the present case analogous to the horse play cases because in each such case work connected factors are directly involved. (Cf. *Matter of Johnson* v. *Loew's, Inc.*, 8 N Y 2d 757; *Matter of Piatek* v. *Plymouth Rock Provision Co.* 15 A D 2d 405). Accordingly, I would reverse and dismiss the claim.