■ CENTRAL VALLEY CONCRETE CORPORATION, Respondent, v. ALBINI CONSTRUCTION CO., INC., Defendant, and HORN CONSTRUCTION CONNECTICUT CORP., Appellant.— Appeal from an order of the Supreme Court, Ulster County, denying appellant's cross motion for leave to serve an amended answer to interpose the defense of res judicata and collateral estoppel. In the instant case the very same claims of res judicata and estoppel by way of stipulation were fully argued and passed on by this court (34 A D 2d 860), and thus there cannot be said to have been an abuse of discretion in Special Term's denial of the instant motion. Order affirmed, with costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of the Claim of MICHAEL STARACE, Respondent, v. INTERNATIONAL TERMINAL OPERATING COMPANY, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 23, 1971, as amended by a supplemental decision of said board, filed May 28, 1971. Claimant, a steadily hired checker at Pier 7 located at the foot of Atlantic Avenue at the East River in Brooklyn, fell on his way to work upon a sidewalk very close to the gate at the entrance leading into the premises where the employer supplied services as a contract stevedore, which was the sole entrance used by claimant in entering and exiting from the place of work. At this point Atlantic Avenue is a dead end street and, adjacent to said sidewalk and within a fenced enclosure upon the premises used by the employer, there is a guardhouse with a window overlooking the place of the fall. The record discloses that the gate, when opened, swings over and across the sidewalk and said spot where claimant received his injuries. The area is patrolled by the Port of New York Authority police (see L. 1921, ch. 154, § 1). The board had a right to find that claimant sustained an accident arising out of and in the course of his employment (cf. Matter of Podhoretz v. Rubinstein, 35 A D 2d 1042; Matter of Singer v. Rich Mar. Sales, 25 A D 2d 801; Matter of Brienza v. Le Chase Constr. Corp., 17 A D 2d 83). Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Cooke, Sweeney, Kane and Reynolds, JJ., concur.