■ In the Matter of the Claim of LYDIA GUZMAN, Respondent, v VICTOR MACHINERY EXCHANGE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed July 9, 1976 and February 11, 1977, respectively, which found that claimant's accidental injury arose out of and in the course of her employment and awarded her benefits. Claimant, a bookkeeper, after eating her lunch on the premises, came out of the building, made a right-hand turn, walked approximately five feet and met with an accident. She sustained serious internal injuries. The record further reveals that as claimant walked parallel to the building on the sidewalk she came to a concrete freight loading platform where her way was blocked by a truck backed up on the sidewalk with its tailgate down on the platform. After the tailgate was raised she mounted the step of the loading platform endeavoring to cross over when the tailgate fell, pinning her on the platform step. The platform was used in common by claimant's employer and other tenants of the building for deliveries. The board found that claimant was within the precincts of her employment and the truck dock was a hazard of her employment and the claimant sustained an accident arising out of and in the course of employment. As a general rule, an inside employee would not be within the course of his employment when off the premises during his lunch hour. There are, however, exceptions. On the instant record, we are of the view that the board could properly find that claimant sustained an accident arising out of and in the course of her employment (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140; *Matter of Starace v International Term. Operating Co.*, 39 AD2d 613). Decisions affirmed, with costs to the Workmen's Compensation Board. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.