■ In the Matter of the Claim of JOHN SMITH, Respondent, v UNITED STATES TRUCKING CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 14, 1977. The facts in this case are not disputed. Claimant was employed as a rigging chauffeur and sustained injuries after he slipped and fell on the sidewalk during his lunch break on January 7, 1977. On that date, at approximately 11:30 A.M., claimant's foreman suggested that they go for lunch and discuss the method they would use for installing a particularly heavy piece of equipment. While claimant, the foreman and a coworker walked down the street away from the job site and discussed the problem, claimant fell and injured himself. The board, in affirming an award in favor of claimant, found that the injury occurred within the course of employment and the employer appeals therefrom. The general rule concerning lunchtime injuries is that when an employee with a fixed time and place of work has left the premises for lunch, he is outside the course of his employment (*Matter of Jamison v New York State Temporary Comm. on Agric.*, 308 NY 683; *Matter of Guzman v Victor Mach. Exch.*, 61 AD2d 871).

Exceptions to this general rule are made when it is found that the employer has continued to exert authority over the employee during the lunch break *(Matter of Caporale v State Dept. of Taxation & Fin.,* 2 AD2d 91, affd 2 NY2d 946). While the claimant's foreman may have only "suggested" that they go to lunch and discuss their work, courts have not failed to recognize that suggestions of this nature may have the effect of outright commands (see *Matter of Grosack v Hermann & Jacobs Corp.,* 8 AD2d 572). Thus, where the foreman suggested that they go to lunch and discuss work and claimant was injured while that discussion was taking place, the board could logically conclude that the authority of the employer continued during claimant's lunch break and that the employment itself was "not interrupted" at the time of the accident *(Matter of Bollard v Engel,* 278 NY 463; *Matter of Caporale v State Dept. of Taxation & Fin.,* 2 AD2d 91, *supra).* Accordingly, the board's decision must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board against the appellant. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.