■ STEVEN K. WILSON, Respondent, v C.B. OSTERGAARD, Appellant. [626 NYS2d 624] —Order unanimously affirmed with costs. Memorandum: Plaintiff, an employee of Eastman Kodak Company (Kodak), left work and drove his vehicle from an employee parking lot onto Eastman Avenue. Plaintiff proceeded westerly on Eastman Avenue for about 100 yards and, because the traffic ahead was backed up, stopped at a crosswalk in the middle of a block to allow pedestrians to cross the street. Some 20 to 30 seconds later, his vehicle was struck in the rear by defendant's vehicle. Defendant, a fellow Kodak employee, had exited that same parking lot onto Eastman Avenue behind plaintiff. Defendant had taken her eyes off the road in order to look at her car radio immediately before the accident occurred. Defendant moved for summary judgment on the ground that the accident occurred within the course of employment and thus that Workers' Compensation was plaintiff's exclusive remedy. Supreme Court properly denied that motion.

"As a general rule, employees are not deemed to be within the scope of their employment while traveling to and from work" *(Matter of Greene v City of New York Dept. of Social Servs.,* 44 NY2d 322, 325). An exception has been recognized, however, where the accident occurs in proximity to the place of employment and there is a causal relationship between the accident and "the risks attendant with employment" *(Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140, 144). A "risk attendant with employment" is a "risk not shared by the public generally" *(Matter of Husted v Seneca Steel Serv., supra,* at 144-145). Although the public street where the

accident occurred was adjacent to the employer's premises and many Kodak employees exited the premises onto it, defendant failed to establish as a matter of law that the accident was causally related to a special risk of employment and that the risk to which plaintiff was exposed was not a risk shared generally by the public *(see, Quarant v Industrial Commn.,* 38 Ill 2d 490, 231 NE2d 397; *cf., Matter of Husted v Seneca Steel Serv., supra).* (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.