■■ In the Matter of the Claim of PATRICIA ROGGERO, Appellant, v FRONTIER INSURANCE GROUP, Respondent. WORKERS'

COMPENSATION BOARD, Respondent. [673 NYS2d 260] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 20, 1996, which ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

Claimant was employed as an insurance underwriter. It is undisputed that the employer had a strict policy against employees smoking on its premises. On May 31, 1995 while on an unpaid lunch hour, claimant left the employer's premises to take a walk and smoke a cigarette. She tripped in a pothole while crossing the public street and fractured her right foot and left wrist. Denied workers' compensation benefits on the ground that the accident did not occur in the course of her employment, claimant appeals.

Contrary to claimant's contentions, there was sufficient evidence to support the Workers' Compensation Board's conclusion that claimant's injury was the result of a personal act and was unrelated to her employment (*see, Johnson v Sanitary Scale Co.*, 278 App Div 878). It is undisputed that claimant was on her lunch hour at the time the accident occurred. Although claimant's accident occurred within close proximity to the employer's premises, injuries sustained on a public street and outside working hours are generally not considered to have occurred in the course of employment (*see, Matter of Jacobs v Dellwood Foods*, 130 AD2d 848, 849, *lv denied* 70 NY2d 608; *cf., Matter of Bernard v Holiday House*, 110 AD2d 941). Furthermore, the record fails to establish that the risk presented by the pothole was not shared generally by the public (*see generally, Wilson v Ostergaard*, 214 AD2d 984; *cf., Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140; *Matter of Lawton v Eastman Kodak Co.*, 206 AD2d 813). The record supports the finding that claimant's anticipated activities of smoking and taking a walk were personal in nature and unconnected with her employment (*see, e.g., Johnson v Sanitary Scale Co., supra*; *see also, Matter of Coningsby v New York State Dept. of Corrections*, 245 AD2d 1009, 1010). In view of the foregoing, we find no reason to disturb the Board's decision (*see, Matter of Husted v Seneca Steel Serv., supra*; *Matter of Jacobs v Dellwood Foods, supra*).

Mikoll, J. P., Crew III, White and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.