■ MICHAEL J. GEISS et al., Respondents, v C. THOMAS MITCHELL, JR., Appellant. [674 NYS2d 220] —Order unanimously affirmed without costs. Memorandum: Michael J. Geiss (plaintiff) and his wife commenced this action to recover damages for injuries sustained when the bicycle that plaintiff was riding was struck by a vehicle operated by defendant. The parties are employees of the New York State Office of Parks and Recreation who work at Keewaydin State Park in the Town of Alexandria. The accident occurred on State Route 12 just outside the park entrance as plaintiff was leaving on a lunch-hour ride and as defendant, who was returning from lunch, was about to make a right-hand turn into the park.

Supreme Court properly denied defendant's motion for summary judgment seeking dismissal of the complaint on the ground that the accident occurred within the course of defendant's employment and thus that Workers' Compensation is plaintiff's exclusive remedy (see, Workers' Compensation Law § 29 [6]). Except under limited circumstances not present here, "employees are not deemed to be within the scope of their

employment while traveling to and from work" (*Matter of Greene v City of N. Y. Dept. of Social Servs.*, 44 NY2d 322, 325; *cf., Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140). The park was open to the public, and all park visitors utilized the entrance road in the same manner. While the accident occurred in proximity to defendant's employment, "defendant failed to establish as a matter of law that the accident was causally related to a special risk of employment and that the risk to which plaintiff was exposed was not a risk shared generally by the public" (*Wilson v Ostergaard*, 214 AD2d 984, 985). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.— Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.