■ In the Matter of the Claim of EDWARD BIGLEY, Appellant, v J & R MUSIC ELECTRONICS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [702 NYS2d 474] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed October 28, 1998, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.

Claimant, a security guard, filed a claim for workers' compensation benefits alleging that he sustained an ankle injury while demonstrating a boxing maneuver to a co-worker. According to claimant, he attempted the maneuver while wait-ing for the elevator to arrive after completing his scheduled employment shift and punching out on the employer's time clock. Concluding that the injury resulted from a purely personal activity undertaken after claimant's work day was complete, the Workers' Compensation Board found that claimant's injury did not arise out of and in the course of his employment. Claimant appeals.

For an injury to be compensable under the Workers' Compen-sation Law, it must have arisen both out of and in the course of employment (*see,* Workers' Compensation Law § 10). Inasmuch as claimant's injury occurred within the reasonable amount of time it took him to leave the employer's premises af-ter completing his designated shift, the injury is deemed to have occurred within the course of employment and, therefore, claimant was entitled to a presumption that the injury also arose out of his employment (*see, Matter of Vogel v Anheuser-Busch,* 265 AD2d 705).

In our view, however, the employer adequately rebutted the presumption with evidence that claimant's injury resulted from a personal activity which was not sufficiently work related under the circumstances (*see, Matter of Richardson v Fiedler Roofing,* 67 NY2d 246; *Matter of Roggero v Frontier Ins. Group,* 250 AD2d 1011; *Matter of Torio v Fisher Body Div.,* 119 AD2d 955, 956). Unlike the cases relied upon by claimant involving

employees who were injured during an idle period while waiting for work to resume or as the result of a condition on the employer's premises (*see, e.g., Matter of McGrath v Chautauqua County Home*, 31 AD2d 557; *Matter of Bletter v Harcourt Brace & World*, 30 AD2d 601, *affd* 25 NY2d 755), claimant's own testimony reveals that no further work was contemplated on the day of the accident, his boxing demonstration had no work-related purpose and his injury was not caused by the employer's failure to provide a safe means of egress from the place of employment (*see, Matter of Bashwinger v Cath-Fran Constr. Co.*, 200 AD2d 791, *lv denied* 83 NY2d 757). Whether claimant's activities in executing the boxing maneuver were within the course of his employment or purely personal in nature was a factual determination for the Board's resolution (*see, Matter of Richardson v Fiedler Roofing, supra; Matter of D'Accordo v Spare Wheels & Car Shoppe*, 257 AD2d 966) and, in light of the evidence that claimant's activities were wholly unrelated to his work or departure therefrom (*see, Matter of Roggero v Frontier Ins. Group, supra; cf., Matter of Grimaldi v Shop Rite Big V*, 90 AD2d 608), we do not find the Board's decision to be unsupported by substantial evidence.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.