■ In the Matter of the Claim of DORIS ROSE, Appellant, v VERIZON NEW YORK, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 100] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed June 11, 2001, which ruled that claimant's injury did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.

On August 20, 1999, claimant left her employer's premises on her lunch break to move her car, which was parked on a public street in the City of Troy, Rensselaer County. As she was walking toward her car, she stepped in a pothole and injured her foot and hip. She filed a claim for workers' compensation benefits as a result of this injury. Following a hearing, a Workers' Compensation Law Judge found that claimant sustained an accident which arose out of and in the course of her employment and continued the case for awards. The Workers' Compensation Board, however, disagreed and reversed this decision. Claimant appeals.

Initially, pursuant to Workers' Compensation Law § 10 (1), an injury is compensable only if it arises out of and in the course of employment (*see Matter of Bashwinger v Cath-Fran Constr. Co.*, 200 AD2d 791, 791 [1994], *lv denied* 83 NY2d 757 [1994]). "Lunchtime injuries are generally deemed to occur outside the scope of employment except under limited circumstances where the employer continues to exercise authority over the employee during the lunch break" (*Matter of Smith v City of Rochester*, 255 AD2d 863, 863 [1998] [citation omitted]). Likewise, "accidents that occur on a public street away from the place of employment and outside working hours generally are not considered to have arisen out of and in the course of employment" (*Matter of Davenport v New York State Senate*, 283 AD2d 880, 881 [2001]; *see Matter of Roggero v Frontier Ins. Group*, 250 AD2d 1011, 1012 [1998]). There is an exception, however, " 'as the employee comes in closer proximity with his [or her] employment situs' " where " 'the accident happened as an incident and risk of employment' " (*Matter of Davenport v New York State Senate, supra* at 881, quoting *Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144 [1976]).

Here, claimant testified that her car was parked on the same

block as her employer's building approximately two corners away. She indicated that she did not typically work during her lunch break, which was unpaid, and decided to move her car at that time without any direction from her employer. There is nothing in this record to indicate that the pothole presented a risk incident to claimant's employment not shared by the public generally (*see Matter of Roggero v Frontier Ins. Group, supra* at 261; *cf. Matter of Husted v Seneca Steel Serv., supra* at 145). Furthermore, it is clear that claimant's decision to move her car was personal in nature and that her injury did not occur in an area under the employer's control (*see Matter of Davenport v New York State Senate, supra* at 881). Therefore, we conclude that substantial evidence supports the Board's decision.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, with costs.