■ In the Matter of the Claim of DONALD G. PEDRO, Respondent, v VILLAGE OF ENDICOTT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [762 NYS2d 177] —Spain, J.

Appeals (1) from a decision of the Workers' Compensation Board, filed July 12, 2001, which ruled that claimant's injury arose out of and in the course of his employment, and (2) from a decision of said Board, filed July 11, 2002, which denied an application by the self-insured employer and its plan administrator for full Board review.

Claimant, a full-time firefighter with the Village of Endicott Fire Department, was seriously injured while repairing his personal vehicle in his fire station's docking bay during on-duty "unstructured time," when a jack supporting the vehicle failed and the car fell upon him. The self-insured employer and its plan administrator controverted claimant's claim for workers' compensation benefits, contending, among other things, that claimant's injury did not arise out of and in the course of his employment because he was injured while engaged in a purely personal activity. A Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant's injury did arise out of and in the course of his employment because personal car repair had been a tolerated activity during firefighters' unstructured on-duty hours. The Workers' Compensation Board affirmed the WCLJ's decision and the employer and its plan administrator appeal from the Board's decision and from the denial of their application for full Board review.

It is well settled that an injury is compensable under the Workers' Compensation Law if it arose out of and in the course of employment, whereas purely personal activities are outside the scope of employment and injuries which occur while engaged in such activities are not compensable (*see* Workers' Compensation Law § 10; *Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 249 [1986]; *Matter of Bigley v J & R Music Elecs.*, 269 AD2d 667, 667 [2000]). The test is "whether the activities are both reasonable and sufficiently work related under the circumstances" (*Matter of Richardson v Fiedler Roofing, supra* at 249; *see Matter of Vogel v Anheuser-Busch*, 265 AD2d 705, 705 [1999]), which is a factual question for resolution by the Board (*see Matter of Cruz v Ehmer*, 282 AD2d 841, 842 [2001]; *Matter of Bigley v J & R Music Elecs., supra* at 668).

Where, as here, an employee's job entails "intermittent periods of enforced waiting," the employee "is free to indulge in any reasonable activity during the waiting period" (*Matter of Anadio v Ideal Leather Finishers*, 32 AD2d 40, 42 [1969], *lv denied* 25 NY2d 737 [1969]; *see Matter of Harris v Poughkeepsie Journal*, 289 AD2d 640, 641 [2001]; *cf. Matter of Richardson v Fiedler Roofing, supra* at 249). In light of testimony that

it was not unusual for firefighters to repair their personal vehicles during unstructured on-duty time at the firehouse, and that such repairs were tolerated by department officials, the Board was entitled to conclude that claimant's activity, which occurred in the course of his employment while on duty, was reasonable and sufficiently work-related to have arisen out of his employment.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.