■ In the Matter of the Claim of JAMES MARQUIS, Appellant, v FRANK's VACUUM TRUCK SERVICE, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 363]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed February 20, 2004, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant, a truck driver, made an application for workers' compensation benefits as a result of a gunshot injury that he suffered to his left knee when he was attacked by several men upon leaving a restaurant where he had just taken a lunch break. The Workers' Compensation Board denied his claim, finding that the injury-causing incident occurred at a time when he had substantially deviated from his employment. This appeal by claimant ensued, and we now affirm.

An injury is compensable under the Workers' Compensation Law if it arises out of and in the course of the claimant's employment, whereas purely personal activities are deemed outside the scope of employment and not compensable (see Workers' Compensation Law § 10; Matter of Pedro v Village of Endicott, 307 AD2d 598, 599 [2003], lv dismissed 1 NY3d 546 [2003], lv denied 2 NY3d 706 [2004]; Matter of Bigley v J & R Music Elecs., 269 AD2d 667, 667 [2000]). The determination as to which of

the two aforementioned categories an injury falls into is a factual one left for resolution by the Board (*see Matter of Pedro v Village of Endicott, supra* at 599; *Matter of Cruz v Karl Ehmer, Inc.*, 282 AD2d 841, 842 [2001]).

Here, substantial evidence supports the Board's decision that claimant had deviated from the scope of his employment and, therefore, was not entitled to receive benefits. Approximately 1½ years prior to this incident, claimant had been questioned by the police and had his truck impounded as a result of his alleged solicitation of a prostitute in the particular area where the attack herein occurred. Consequently, he had been warned by the employer to never again return to that area while working. As noted by the Board, claimant's contrary assertion that the employer had not restricted him from returning to that area is belied by his actions following the attack. Instead of immediately contacting the police and/or seeking medical attention, claimant got into his truck and drove several blocks away to a truck stop and, even then, initially attempted to dissuade some bystanders from calling the police. Such a reaction by claimant lends credence to the Board's determination that he was in a prohibited area when he sustained his injury. In addition, record evidence establishes that claimant strayed from a slightly shorter and more commonly used route of travel in order to get to the area where the incident transpired. Based upon all of the foregoing, we find no reason to disturb the Board's decision that claimant had deviated from his employment.

Each of the remaining contentions raised by claimant in his pro se brief have been examined and found to be without merit.

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.