■ In the Matter of the Claim of SCOTT M. MILLS, Appellant, v NEW YORK STATE POLICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 293]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed March 13, 2006, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment.

In 2004, claimant, a State Trooper, was assigned to patrol the southern part of zone one of Troop A, which is headquartered in the City of Batavia, Genesee County. At that time, he and his wife were also serving as general contractors overseeing the erection of their new home, which was being built on land that was adjacent to the geographical area encompassed by zone one. On November 4, 2004, during the course of his 12-hour shift as a Trooper, claimant stopped by his property to evaluate the progress of the builder constructing his home. While there, he stepped on a loose piece of lumber, fell and sustained injuries to his left wrist and left eye. His subsequent claim for workers' compensation benefits was established, following a hearing, by a Workers' Compensation Law Judge who determined that claimant's injuries were work related. The Workers' Compensation Board reversed, finding that claimant was involved in a noncompensable personal act at the time that he sustained his injuries. Claimant appeals.

We affirm. While injuries that arise out of and in the course of employment are compensable under the Workers' Compensation Law, purely personal activities are considered outside the scope of employment and are not compensable (see Workers' Compensation Law § 10; Matter of Pedro v Village of Endicott, 307 AD2d 598, 599 [2003], lv dismissed 1 NY3d 546 [2003], lv denied 2 NY3d 706 [2004]). "The determination as to which of the two aforementioned categories an injury falls into is a factual one left for resolution by the Board" (Matter of Marquis v Frank's Vacuum Truck Serv., Inc., 29 AD3d 1038, 1038-1039 [2006] [citations omitted]). While testimony from claimant's supervisor establishes that claimant was not abrogating his duties by stopping by his property during his shift, the record nevertheless supports the Board's conclusion that his accident did not arise out of his employment. Claimant's stated intention

upon seeing his builder's truck in his driveway was to drive up and ascertain if there were "any problems with anything there." He admitted that he had not been dispatched to that specific address or even to that particular area but, rather, that he found himself with time to stop by the house prior to taking his lunch break. Thus, the Board's determination that he was present at that location for personal reasons unrelated to his employment is supported by substantial evidence and we decline to disturb it (see generally Matter of Stepcic v ADC Constr., 35 AD3d 1052, 1053 [2006]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.