■ In the Matter of the Claim of MARQUETTE L. GRANT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [896 NYS2d 532]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 28, 2009, which ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, an agent at the employer's 125th Street station, was on her lunch break and had walked across the street from the station to a deli to purchase something to drink when she and the deli clerk were both robbed at gunpoint. She applied for workers' compensation benefits, claiming that she suffers from psychiatric disabilities as the result of the traumatic experience. Following a hearing, a workers' compensation law judge found that claimant had sustained an injury that arose out of and in the course of her employment and awarded benefits. The Workers' Compensation Board, however, disagreed and reversed the decision, prompting this appeal.

We affirm. In order for an injury to be compensable, it must have arisen out of and in the course of employment (*see* Workers' Compensation Law § 10; *Matter of Rose v Verizon N.Y.*, 304 AD2d 990, 990 [2003]). Significantly, "[l]unchtime injuries are generally deemed to occur outside the scope of employment except under limited circumstances where the employer continues to exercise authority over the employees during the

---

lunch break" (*Matter of Smith v City of Rochester*, 255 AD2d 863 [1998]; *accord Matter of Rose v Verizon N.Y.*, 304 AD2d at 990). The record here shows that claimant had discretion over where she spent her lunch break, the incident occurred away from her place of employment and no evidence was produced that the employer retained authority or control over her during that time or benefitted from her going to the deli. Accordingly, we find that the Board's conclusion that claimant's injury did not arise out of and in the course of her employment is supported by substantial evidence (*see e.g. Matter of Bond v Suffolk Transp. Serv.*, 68 AD3d 1341, 1342 [2009]; *Matter of Smith v City of Rochester*, 255 AD2d at 863; *cf. Matter of McFarland v Lindy's Taxi, Inc.*, 49 AD3d 1111, 1112 [2008]).

Mercure, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.