■ In the Matter of ROBERT A. BAXTER, JR., Appellant, v T.G. PEPPE, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [917 NYS2d 366]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed July 2, 2009, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

Claimant, who worked for the employer installing and removing awnings at various commercial locations, fractured his leg after he slipped on a sidewalk when he and his coworker stopped to get something to eat at a bakery while on their way back to the employer's office at the end of a work day. Claimant filed a claim for workers' compensation benefits and, after a hearing, a workers' compensation law judge determined that the injury was not compensable because it occurred while claimant was on an unpaid lunch break and disallowed the claim. Upon review, the Workers' Compensation Board affirmed that decision, and claimant now appeals.

We affirm. "Lunchtime injuries are generally deemed to occur outside the scope of employment except under limited circumstances where the employer continues to exercise authority over the employee during the lunch break" (*Matter of Smith v City of Rochester*, 255 AD2d 863, 863 [1998] [citation omitted]; *see Matter of Smith v United States Trucking Corp.*, 66 AD2d 939 [1978]). Here, substantial evidence supports the Board's determination that claimant and his coworker had discretion regarding the timing and location of their lunchtime break* and that the employer did not derive any benefit from their decision to take their lunch break when they did or otherwise retain authority or control over them during that time (*see Matter of Grant v New York City Tr. Auth.*, 71 AD3d 1328, 1329 [2010]). Accordingly, we find no basis upon which to disturb the Board's decision.

Mercure, J.P., Peters, Rose and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* It is notable that the stop at the bakery is repeatedly referred to as a "lunch break" during the hearing and claimant made no objection to such classification.