■ In the Matter of the Claim of HERMAN HUGGINS, Appellant, v MASTERCLASS MASONRY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [921 NYS2d 722]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 19, 2009, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment.

In January 2008 claimant, a bricklayer, left his work site, purchased a sandwich and sat down inside a municipal bus shelter to eat his lunch. The shelter was located across the street from claimant's work site. As claimant prepared to return to work, a glass panel in the shelter collapsed on him, causing him to sustain various injuries. Claimant thereafter filed this claim for workers' compensation benefits and, following a hearing, a Workers' Compensation Law Judge found that claimant

sustained an accidental injury arising out of and in the course of his employment and awarded benefits. Upon review, the Workers' Compensation Board reversed, and this appeal by claimant ensued.

We affirm. As a threshold matter, an injury is compensable only if it arises out of and in the course of employment (*see* Workers' Compensation Law § 10 [1]). "Lunchtime injuries are generally deemed to occur outside the scope of employment except under limited circumstances where the employer continues to exercise authority over the employee during the lunch break" (*Matter of Smith v City of Rochester*, 255 AD2d 863 [1998] [citation omitted]; *accord Matter of Baxter v T.G. Peppe, Inc.*, 81 AD3d 1109, 1110 [2011]; *see Matter of Rose v Verizon N.Y.*, 304 AD2d 990 [2003]). Here, although claimant testified that "[i]f one of the foreman saw [him] and wanted [him] to come back," they would tell him to do so, such testimony, in our view, falls short of establishing that the employer retained control over claimant during his lunch break or derived any benefit from claimant eating his lunch inside the public bus shelter (*see Matter of Grant v New York City Tr. Auth.*, 71 AD3d 1328, 1329 [2010]; *compare Matter of Smith v United States Trucking Corp.*, 66 AD2d 939, 940 [1978]; *Matter of Donnell v Waccabuc Country Club*, 29 AD2d 1022, 1022-1023 [1968]; *Matter of Carroll v Provenzano*, 23 AD2d 134, 136 [1965]). Notably, claimant was not required to carry a beeper, nor was he instructed as to where he should take his lunch break.

To the extent that claimant contends that his accident occurred within sufficient proximity to his work site as to qualify as compensable, we need note only that "[a] purely fortuitous coincidence of time and place is not enough. There must be a causal relationship or nexus between the accident and the employment" (*Matter of Davenport v New York State Senate*, 283 AD2d 880, 881 [2001] [internal quotation marks and citations omitted]). Claimant's theory as to the cause of the bus shelter collapse (vibrations from the work site) is entirely speculative and, in any event, he failed to establish, among other things, that his accident was "related to a special hazard connected to [his] employment as opposed to a risk shared by the general public" (*Matter of Littles v New York State Dept. of Corrections*, 61 AD3d 1266, 1268 [2009]; *see Matter of Cushion v Brooklyn Botanic Garden*, 46 AD3d 1095, 1096 [2007], *lv denied* 10 NY3d 704 [2008]; *Matter of Fiero v New York City Dept. of Hous. Preserv. & Dev.*, 34 AD3d 911, 912-913 [2006]; *Matter of Harris v New York State Off. of Gen. Servs.*, 13 AD3d 796, 797 [2004]).

Finally, as for claimant's assertion that he is entitled to the presumption of compensability contained in Workers' Compensation Law § 21 (1), we need note only that the statute "does not wholly relieve [claimant] of the burden of demonstrating that the accident occurred in the course of, and arose out of, [his] employment" (*Matter of Bond v Suffolk Transp. Serv.*, 68 AD3d 1341, 1342 [2009]; *see Matter of Hansen v Syracuse Home Assn.*, 55 AD3d 1167, 1168 [2008]).

Mercure, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.