Matter of Scriven v Davis Ulmer Sprinkler Co. (2020 NY Slip Op 02847)





Matter of Scriven v Davis Ulmer Sprinkler Co.


2020 NY Slip Op 02847


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

530163

[*1]In the Matter of the Claim of Thomas A. Scriven, Appellant,
v
Davis Ulmer Sprinkler Company et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Christopher M. Whyland, Manlius, for appellant.
Goldberg Segalla LLP, Syracuse (Corey A. DeCresenza of counsel), for David Ulmer Sprinkler Company and another, respondents.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed April 5, 2019, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
In December 2015, claimant was in the front passenger seat of a vehicle owned and operated by his supervisor when, on their way to lunch, they were in a car accident that caused claimant to sustain various injuries. Claimant thereafter filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge found that claimant's injuries arose out of and in the course of his employment and, thus, his claim was compensable. A panel of the Workers' Compensation Board affirmed, prompting the employer and its workers' compensation carrier to seek full Board review. The full Board accepted review, rescinded the Board panel's decision and referred the matter to the Board panel for further consideration. The Board panel subsequently disallowed the claim, finding that claimant's injuries were not compensable because they did not arise out of and in the course of his employment. Claimant appeals.
We affirm. Initially, an injury is compensable only where it "aris[es] out of and in the course of the employment" (Workers' Compensation Law § 10 [1]; see Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1377 [2016]). "Lunchtime injuries are generally deemed to occur outside the scope of employment except under limited circumstances where the employer continues to exercise authority over the employee during the lunch break" (Matter of Baxter v T.G. Peppe, Inc., 81 AD3d 1109, 1110 [2011] [internal quotation marks and citations omitted]; see Matter of Huggins v Masterclass Masonry, 83 AD3d 1345, 1345 [2011]). Whether an injury arises out of and in the course of employment is a "factual determination . . . within the province of the Board and such decision will not be disturbed if supported by substantial evidence" (Matter of Devis v Mountain States Rosen LLC, 157 AD3d 1148, 1149 [2018]; see Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1275-1276 [2020]).
Claimant's supervisor testified that, on the day of the accident, he invited claimant to lunch with three other employees — all of whom he supervised — but that claimant was not obligated to attend and the location of the lunch off the employer's premises was decided by the group. He explained that he regularly went to lunch with his subordinates because they "wanted to go to lunch together[,] "[he] enjoyed the people [he] was with" and he acknowledged that this type of activity "promote[d] camaraderie." He admitted that he was driving at the time of the accident but stated that claimant was free to drive alone. Further, although he occasionally paid for lunch without reimbursement from the employer, he did not plan on doing so that day. He testified that he and claimant often complained about work during lunch, but typically did not discuss "actual work[,]" and that the lunch on the day of the accident was not a planned work lunch. In this regard, the supervisor testified that he previously spoke to "[claimant] about not answering [client] phone calls at lunch as much as he did."
Although claimant testified that he believed his presence was obligatory, he largely corroborated the supervisor's version of events and confirmed that he was not paid during his lunch break. Although he asserted that he discussed work matters at lunch with the supervisor, he admitted that he did not know whether work would be discussed at lunch that day, and there is nothing in the record to indicate that the supervisor intended to do so such that his invitation could have had "the effect of [an] outright command[]" (Matter of Smith v United States Trucking Corp., 66 AD2d 939, 940 [1978]). Deferring to the Board's credibility assessments and resolution of the conflicting evidence (see Matter of Sheehan v Nationwide Ct. Servs., Inc., 178 AD3d 1246, 1247 [2019]; Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [2018], lv denied 33 NY3d 901 [2019]), we find that substantial evidence supports the Board's decision finding that claimant's injuries did not arise out of and in the course of his employment (see Matter of Rose v Verizon N.Y., 304 AD2d 990, 990-991 [2003]; Matter of Bennerson v Checker Garage Serv. Corp., 54 AD2d 1042, 1042-1043 [1976]; compare Matter of Huggins v Masterclass Masonry, 83 AD3d at 1346). Claimant's remaining arguments, to the extent not expressly addressed herein, have been reviewed and found to be without merit.
Egan Jr, J.P., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.